UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-557-FDW

| ERNEST KEITH, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  **ORDER** |
| | ) |
| CECILIA OSEGUERA, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 5).

**I.    BACKGROUND**

*Pro se* Plaintiff has filed a civil rights suit pursuant to 42 U.S.C. § 1983[1] against his attorney in a federal criminal case, Assistant Federal Public Defender Cecilia Oseguera. Plaintiff alleges that Ms. Oseguera has provided him with ineffective assistance of counsel since 2016 and that her actions including failure to communicate and adequately investigate his case caused him emotional stress and cost him his freedom. Plaintiff seeks, *inter alia*, compensation for lost work and stress on his health while incarcerated, "positive conclusion with sentence," to go home to his family. (Doc. No. 1 at 4).

**II.    STANDARD OF REVIEW**

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the

---

[1] As Plaintiff's claims relate to federal criminal proceedings, it appears that he intended to invoke Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Holly v. Scott, 434 F.3d 287, 301 (4th Cir. 2006) (§ 1983 and Bivens both impose liability on government actors for constitution violations; § 1983 for state actors and Bivens for federal actors).

1

Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must

2

articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

The purpose of Bivens is to "deter individual *federal* officers from committing constitutional violations." Holly v. Scott, 434 F.3d 287, 291 (4th Cir. 2006) (quoting Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001)); see also Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982) (§ 1983 applies only to state actors)). Application of Bivens to private individuals "simply does not find legislative sanction." Holly, 434 F.3d at 291.

Plaintiff names as the sole Defendant an Assistant Federal Public Defender. "[A] public defender does not act under the color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981) (§ 1983 context); see Campbell v. State, 2013 WL 2153110 at *2 n.1 (M.D.N.C. May 16, 2013) (noting that federal public defenders are not federal officials subject to suit under Bivens). As Ms. Oseguera was not an agent for the government when she was acting as Plaintiff's defense counsel in his federal criminal action, Plaintiff's claims against her are not cognizable and must be dismissed.[2]

### IV. CONCLUSION

Plaintiff is unable to proceed against the sole Defendant he has identified in the Complaint, and it is evident that this deficiency cannot be cured through amendment. Therefore, the Complaint is dismissed, and this case is closed.

**IT IS THEREFORE ORDERED** that:

---

[2] The appropriate means of presenting claims of ineffective assistance of counsel are through a petition filed pursuant to 28 U.S.C. § 2255. Plaintiff claims that such a petition is already pending with regards to his federal criminal case. (Doc. No. 1 at 2).

3

1. The Complaint is dismissed pursuant to 28 U.S.C. § 1915.

2. The Clerk is instructed to close this case.

Signed: November 27, 2018

Frank D. Whitney
Chief United States District Judge